1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD M. SALAZAR,

11            Plaintiff,                    No. 2:11-cv-714-MCE-EFB PS

12        vs.

13   GARY LOCKE, Secretary of Commerce,
     U.S. Department of Commerce,           ORDER
14
              Defendant.
15   _____/

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On August 8, 2012, defendant filed a motion for

18   summary judgment and noticed the motion for hearing before the undersigned on September 5,

19   2012.  Dckt. No. 20.  Then, on August 21, 2012, a non-attorney friend of plaintiff filed, on

20   plaintiff's behalf, a request to continue the hearing on the motion indefinitely due to plaintiff's

21   hospitalization.  Dckt. No. 21.  Unfortunately, on August 24, 2012, plaintiff's friend filed a letter

22   indicating that plaintiff passed away that morning.  Dckt. No. 22.

23        In light of the recent filings, the hearing on defendant's motion for summary judgment

24   will be vacated and the request to continue will be denied as moot.  Additionally, defendant will

25   be ordered to file a brief addressing whether plaintiff's claim is distinguished by his death and

26   whether defendant knows or is able to learn the identity and address of plaintiff's successor or

1

1    representative, such that a formal statement of death pursuant to Federal Rule of Civil Procedure

2    25(a)(1) can be served upon that individual (or those individuals).  *See* Fed. R. Civ. P. 25(a)(1);

3    *Barlow v. Ground,* 39 F.3d 231, 233-34 (9th Cir. 1994) (noting that Rule 25(a)(1) requires two

4    affirmative steps to trigger the running of the 90 day period within which to substitute a proper

5    party:  first, to formally suggest the death of the party upon the record and second, to serve other

6    parties and nonparty successors or representatives of the deceased with a suggestion of death in

7    the same manner as required for service of the motion to substitute); *see also Berndt v. Cal.*

8    *Dep't of Corrections*, 2010 WL 5088220 (N.D. Cal. Dec. 8, 2010) (finding that a deceased

9    plaintiff's Title VII claim survived the plaintiff's death and granting the plaintiff's estate's

10   motion to substitute); *Maakestad v. Mayo Clinic Ariz.*, 2006 WL 2307417 (D. Ariz. Aug. 9,

11   2006).

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  The hearing on defendant's motion for summary judgment, Dckt. No. 20, is vacated.

14          2.  The request to continue the hearing on defendant's motion, Dckt. No. 21, is denied as

15   moot.

16          3.  Within fourteen days of the date of this order, defendant shall file a brief addressing

17   whether plaintiff's claim is distinguished by his death and whether defendant knows or is able to

18   learn the identity and address of plaintiff's successor(s) or representative(s), such that a formal

19   statement of death pursuant to Federal Rule of Civil Procedure 25(a)(1) can be served upon that

20   individual (or those individuals).

21          SO ORDERED.

22   DATED:  August 28, 2012.

                                                EDMUND F. BRENNAN
23                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

                                                    2