IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD M. SALAZAR,

      Plaintiff,                                No. 2:11-cv-714-MCE-EFB PS

      vs.

GARY LOCKE, Secretary of Commerce,
U.S. Department of Commerce,          ORDER

      Defendant.
_____/

      This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 8, 2012, defendant filed a motion for summary judgment and noticed the motion for hearing before the undersigned on September 5, 2012. Dckt. No. 20. Then, on August 21, 2012, a non-attorney friend of plaintiff filed, on plaintiff's behalf, a request to continue the hearing on the motion indefinitely due to plaintiff's hospitalization. Dckt. No. 21. Unfortunately, on August 24, 2012, plaintiff's friend filed a letter indicating that plaintiff passed away that morning. Dckt. No. 22.

      In light of the recent filings, the hearing on defendant's motion for summary judgment will be vacated and the request to continue will be denied as moot. Additionally, defendant will be ordered to file a brief addressing whether plaintiff's claim is distinguished by his death and whether defendant knows or is able to learn the identity and address of plaintiff's successor or

1  representative, such that a formal statement of death pursuant to Federal Rule of Civil Procedure
2  25(a)(1) can be served upon that individual (or those individuals).  *See* Fed. R. Civ. P. 25(a)(1);
3  *Barlow v. Ground,* 39 F.3d 231, 233-34 (9th Cir. 1994) (noting that Rule 25(a)(1) requires two
4  affirmative steps to trigger the running of the 90 day period within which to substitute a proper
5  party:  first, to formally suggest the death of the party upon the record and second, to serve other
6  parties and nonparty successors or representatives of the deceased with a suggestion of death in
7  the same manner as required for service of the motion to substitute); *see also Berndt v. Cal.*
8  *Dep't of Corrections*, 2010 WL 5088220 (N.D. Cal. Dec. 8, 2010) (finding that a deceased
9  plaintiff's Title VII claim survived the plaintiff's death and granting the plaintiff's estate's
10 motion to substitute); *Maakestad v. Mayo Clinic Ariz.*, 2006 WL 2307417 (D. Ariz. Aug. 9,
11 2006).

12        Accordingly, IT IS HEREBY ORDERED that:
13        1. The hearing on defendant's motion for summary judgment, Dckt. No. 20, is vacated.
14        2. The request to continue the hearing on defendant's motion, Dckt. No. 21, is denied as
15 moot.
16        3. Within fourteen days of the date of this order, defendant shall file a brief addressing
17 whether plaintiff's claim is distinguished by his death and whether defendant knows or is able to
18 learn the identity and address of plaintiff's successor(s) or representative(s), such that a formal
19 statement of death pursuant to Federal Rule of Civil Procedure 25(a)(1) can be served upon that
20 individual (or those individuals).
21        SO ORDERED.
22 DATED:  August 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE