1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD M. SALAZAR,

11              Plaintiff,                    No. 2:11-cv-714-MCE-EFB PS

12        vs.

13   GARY LOCKE, Secretary of Commerce,
     U.S. Department of Commerce,            ORDER
14
                Defendant.
15   _____/

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On August 29, 2012, after the court learned of plaintiff's

18   death, the court issued an order directing defendant to file a brief addressing whether plaintiff's

19   claim is distinguished by his death and whether defendant knows or is able to learn the identity

20   and address of plaintiff's successor or representative, such that a formal statement of death

21   pursuant to Federal Rule of Civil Procedure 25(a)(1) can be served upon that individual (or those

22   individuals).  Dckt. No. 23 (citing Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground,* 39 F.3d 231, 233-

23   34 (9th Cir. 1994); *Berndt v. Cal. Dep't of Corrections*, 2010 WL 5088220 (N.D. Cal. Dec. 8,

24   2010); and *Maakestad v. Mayo Clinic Ariz.*, 2006 WL 2307417 (D. Ariz. Aug. 9, 2006)).

25   ////

26   ////

1

On September 12, 2012, defense counsel filed a brief indicating that defendant does not dispute that plaintiff's Title VII claims survive plaintiff's death.  Dckt. No. 24 at 2.  Defense counsel also stated that at plaintiff's deposition in May 2012, plaintiff testified that he was married to and lived with his wife, Martha Salazar, at 5521 19th Avenue, Sacramento, CA 95820, which is plaintiff's address of record in this case.  *Id.* at 3.

Also on September 12, 2012, defense counsel filed a suggestion of death upon the record pursuant to Rule 25(a)(1), and served a copy of that suggestion of death on plaintiff's wife, who appears to be plaintiff's heir/successor.  Dckt. No. 25.  Rule 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Specifically, Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The first step is to formally suggest the death of the party upon the record.  *Id*.  The second step is to serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.  *Id*.

Now that defense counsel has filed a formal suggestion of plaintiff's death upon the record and has served plaintiff's wife with that suggestion of death, the 90 day period for plaintiff's successor or representative to file a motion for substitution has commenced.  Accordingly, IT IS HEREBY ORDERED that:

1.  On or before December 12, 2012, plaintiff's successor or representative shall file a motion for substitution in this action.

2.  Failure to timely file a motion for substitution will result in a recommendation that this action be dismissed.

////

////

1    3.  The Clerk is directed to serve a copy of this order on Martha Salazar at 5521 19th

2  Avenue, Sacramento, CA 95820.

3        SO ORDERED.

4  DATED:  September 13, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3